UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONNELL MITCHELL, | ) | CASE NO.  1:07 CV 1580 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| MICHAEL ALEXANDER, | ) | |
| | ) | |
| Defendant. | ) | |

On May 30, 2007, pro se plaintiff Donnell Mitchell filed the above-captioned in forma pauperis action against defendant Michael Alexander. He asserts "[t]his action is commenced pursuant to § 12112.2201 and 2202 and 42 U.S.C., section 1983.  SEC.  12101. *[Section 2]*."[1] (emphasis in original).  Mr.  Mitchell alleges that this is a "sexual harassment lawsuit under the American's under disability act of 1990.  I was harassed by this city employee." (Compl. at 3.) He seeks an injunction enjoining defendant from "continuing its discrimination."

---

[1] The court presumes that "12112" is a reference to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112.

*Background*

Mr. Mitchell was a bail bondsman from March 22, 1997 until March 21, 2003. During this time his job required that he interact with numerous employees for the City of Cleveland and County of Cuyahoga in Ohio, including Michael Alexander. In May 2007, he was advised to file a lawsuit against Mr. Alexander because his attorney "strongly believe[d] that Michael Alexander used his professional training to manipulate a mentally challenged person[,] a clear violation of the Americans with Disabilities Act of 1990." (Compl. at 1.) Plaintiff believes he may have offended Mr. Alexander "by turning down his sexual advances by ignoring him and from what I am told he waged war vowing to run me out of business which he eventually did on or about March 21st 2003 by using malicious practices and deception." (Compl. at 1.)

By his own admission, Mr. Mitchell "was not even aware of the intent of this city employee until my attorney bought [sic] it to my attention." (Compl. at 1.) Since that time, "it has become quite clear so I am now taking the necessary steps to protect myself from further malicious prosecution." (Compl. at 102.) It is plaintiff's opinion that Mr. Alexander violated his rights under the ADA because he failed to protect plaintiff's rights "as a disabled person from unwanted sexual harassment and advances in the work place as well as unfair business practices and competition." (Compl. at 2.) He seeks $20,000,000.00 in lost revenue because of "unfair business practices aimed at a disabled person causing mental suffering, inconvenience and discomfort." (Compl. at 2.) For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court shall dismiss

2

an action under section 1915(e) if it is frivolous.[2]  An action is frivolous if it lacks an arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990).  This action lacks an arguable basis in law.

The Supreme Court has clarified that, at the pleading stage, a plaintiff is not required to allege facts to support a prima facie case of discrimination. Swierkiewicz v. Sorema, 534 U.S. 506 (2002)(employment discrimination complaint need not contain specific facts establishing a prima facie case under the McDonnell Douglas [ v. Green, 411 U.S. 792 (1973)] framework).  This holding does not, however, eliminate the basic tenets of notice pleading.

Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a).  Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which pro se complaints are generally viewed, the complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief.  See FED. CIV. R. P. 8(a); Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692,

---

[2]  28 U.S.C. § 1915(e) states, in pertinent part: "the court ... shall dismiss the case ... if the court determines that ... the action is frivolous or malicious ...".

A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly section 1915(d)] and is dismissing the complaint as frivolous.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

697 (6th Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'")(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

*Americans with Disability Act*

It is not clear upon what basis Mr. Mitchell believes he is entitled to relief from sexual harassment under either §12101 or §12112 of the ADA. The Act was not passed as a general protection of medically afflicted persons; rather it protects people who are discriminated against either because they are in fact disabled or because their employer mistakenly believes them to be disabled. Christian v. St. Anthony Medical Center, Inc., 117 F.3d 1051 (7th Cir. 1997), cert. denied, 523 U.S. 1022 (1998). The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

The facts alleged in this complaint do not involve an employer/employee relationship between Mr. Mitchell and Mr. Alexander. Moreover, notwithstanding the confusing factual allegations and legal conclusions, neither the ADA nor 42 U.S.C. § 1983 provide the protection he seeks.[3] Therefore, the complaint fails to meet the requirements under Rule 8.

Accordingly, plaintiff's application to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3),

---

[3] Section 1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. See e.g., Paul v. Davis, 424 U.S. 693, 699-701(1976).

that an appeal from this decision could not be taken in good faith.[4]

**IT IS SO ORDERED.**

                              s/Kathleen M. O'Malley
                              **KATHLEEN McDONALD O'MALLEY**
                              **UNITED STATES DISTRICT JUDGE**

**DATED:** August 21, 2007

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.